**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4142

KEOTA WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-152)

Submitted: August 12, 1997

Decided: September 17, 1997

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert N. Bland, BLAND & BLAND, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, John C. Parr,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Keota Williams was convicted pursuant to her guilty plea of one count of possession with intent to distribute methamphetamine and aiding and abetting in the same in violation of 18 U.S.C. § 2 (1994) and 21 U.S.C. § 841(a)(1) (1994). On appeal, she challenges whether the district court erred by sentencing her to the mandatory minimum under the statute and for increasing her base offense level for possession of a firearm pursuant to USSG§ 2D1.1[1] and whether the Government manipulated the Sentencing Guidelines by providing a quantity of methamphetamine sufficient to trigger the mandatory minimum. Finding no error, we affirm.

Williams and a co-defendant ("Jett") approached an individual about purchasing methamphetamine. Unbeknownst to Williams and Jett, the individual was acting as an informant for law enforcement personnel. A quantity and price was agreed upon after several discussions, and Williams paid the informant. Several days later, Williams and Jett met with the informant to take delivery of the drugs, and they were arrested. Williams consented to a search of her vehicle, which was parked approximately fifteen to twenty-two feet from where the transaction took place, and police seized two loaded handguns.

Prior to sentencing, the district court advised Williams that she may be subject to a mandatory minimum penalty and offered her the opportunity to withdraw her plea. She declined, and the court multiplied the amount of methamphetamine mixture seized from Williams (86.2 grams) by the percent purity (27.5%) to arrive at the amount of pure methamphetamine for which she would be held accountable (23.705 grams). The district court used the amount of pure methamphetamine to sentence Williams to the statutory minimum of sixty months.[2] The district court also increased Williams' base offense

_____

[1] United States Sentencing Commission, Guidelines Manual (Nov. 1996).

[2] 21 U.S.C. § 841(b)(1)(B)(viii) (1994) states that in cases involving ten grams or more of methamphetamine or 100 grams or more of a mixture containing methamphetamine, the defendant shall be sentenced to a minimum of 5 years in prison.

2

level under the Guidelines by two levels for possession of a firearm during a drug trafficking crime pursuant to USSG§ 2D1.1.

Williams does not contest the method by which the district court determined the amount of pure methamphetamine, nor does she contest the final amount. She merely asserts that the statute only imposes a minimum sentence if she possessed 100 or more grams of methamphetamine mixture or ten grams or more of pure methamphetamine, and she only possessed 86.2 grams of methamphetamine mixture. Therefore, she asserts, the mandatory minimum does not apply to her. We resolved this issue against Williams in United States v. Rusher, 966 F.2d 868, 879-80 (4th Cir. 1992) (mandatory minimum sentence triggered by possession of either amount).

Williams also asserts that the district court erred in imposing a mandatory sentence because the felony information did not allege a quantity of methamphetamine, citing the Eleventh Circuit's decision in United States v. Alvarez, 735 F.2d 461 (11th Cir. 1984). Williams' reliance on Alvarez is misplaced. We have held that the quantity of drugs is not an essential element of the offense and does not have to be specified in the indictment. See United States v. Dorlouis, 107 F.3d 248, 252 (4th Cir.), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3861 (U.S. June 27, 1997) (No. 96-9103). In addition, the Eleventh Circuit has since overruled Alvarez. See United States v. Perez, 960 F.2d 1569, 1574 (11th Cir. 1992), cert. denied, 507 U.S. 975 (1993).

We review the district court's factual findings for clear error, and find none here.[3] A two-level increase in Williams' base offense level for possession of a firearm was appropriate unless it was "clearly improbable" that the weapon was connected with the offense.[4] The district court found that the weapons were close enough to the transaction that they could be used if necessary. Moreover, there was evidence that Williams used a firearm for protection during drug transactions. Accordingly, the record supported the district court's findings, and we will not disturb them on appeal.

_____

[3] See United States v. Daughtrey , 874 F.2d 213, 218 (4th Cir. 1989).

[4] See USSG § 2D1.1, comment. (n.3).

3

Finally, we find no evidence in the record to support Williams' conclusory allegation that the Government intentionally manipulated the Sentencing Guidelines. The record shows that she requested three ounces of methamphetamine and received slightly more than three ounces at twenty-seven and one-half percent purity. The range of purity for Williams' geographic area was twenty-five percent to ninety-six percent. We find that the district court did not abuse its discretion by finding that Williams could reasonably expect to purchase methamphetamine within that range.

We therefore affirm Williams' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED

4